

**FILED & ENTERED**

**JUN 06 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>AUSTEENE GEORGE COOPER,<br><br>　　　　　　　　Debtor. | Case No. 2:18-bk-15087-RK<br><br>Chapter 7<br><br>**ORDER DENYING MOTION OF KRISTI COURTOIS (POA) TO VACATE DISMISSAL OF BANKRUPTCY CASE** |

Pending before this court is a Motion to Vacate Dismissal ("Motion") of Kristi Courtois (POA), filed on June 4, 2018 (Docket Number 13). Ms. Courtois signed the Motion as "POA" for Austeene G. Cooper, the Debtor in this bankruptcy case, and "POA" apparently stands for Power of Attorney.

The bankruptcy case commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C, on May 2, 2018 (Docket Number 1), and the petition was signed by Debtor Austeene G. Cooper.  By order filed on May 21, 2018, the court dismissed the bankruptcy case for failure to file all required petition-related documents, and the Motion is intended to vacate that order of dismissal.

Having considered the Motion, the court denies the motion without prejudice for

the following reasons:

1. The Motion must be signed by Debtor as a self-represented party. As indicated by the bankruptcy petition, Debtor signed the petition without indicating that she is represented by an attorney at law. As a self-represented party, every time Debtor appears in the case, such as filing a pleading, such as the Motion, Debtor must appear for herself by signing it herself as required by Local Bankruptcy Rule 9011-2(b), which states: "Any individual representing himself or herself without an attorney must personally appear for such purpose." See also, Local Bankruptcy Rule 2090-1 (recognizing that only attorneys at law admitted to practice before the United States District Court for the Central District of California may practice in this court, that is, represent another person before the court). Ms. Courtois as a holder of a power of attorney and is not shown to be an attorney at law admitted to practice in this court may not file documents and thus appear and represent Debtor in this bankruptcy case. (An exception may exist for a guardian ad litem or a next friend of an infant or incompetent person to represent such person under Federal Rule of Bankruptcy Procedure 1004.1, but there is no showing that this rule applies to the circumstances here). Because Debtor as a self-represented party did not sign the Motion, the court cannot recognize it as a properly executed motion. There is no explanation under a declaration of penalty of perjury explaining why Debtor herself did not sign the Motion and needed someone to act on her behalf as a power of attorney, which might be appropriate under Federal Rule of Bankruptcy Procedure 1004.1 if Debtor is an infant or incompetent person, especially since the bankruptcy petition which commenced this case was signed by Debtor in her own name.

2. The motion is also deficient because it does not comply with Local Bankruptcy Rule 1017-2(c)(1), which states: "Any motion requesting that the

dismissal of a case for failure to timely file a required document . . . be vacated must include as exhibits to the motion all of the documents that were not timely filed and must be supported by a declaration under penalty of perjury establishing a sufficient explanation why the documents were not timely filed."   The Motion does not meet the requirements of this rule because it does not include as exhibits all of the documents that were not timely filed and it does not include the declaration under penalty of perjury establishing a sufficient explanation why the documents were not timely filed.  The missing untimely documents were not included with the Motion, or otherwise filed.  No declaration under penalty of perjury explaining the reasons for the failure to file the documents untimely was included with the Motion.  The Motion has a statement that the mailings were going to an incorrect address, which is being corrected.  However, this statement is not correct because the case docket reflects the "new" address of 2360 Hosp Way, Unit 230, Carlsbad, CA  92008, which was the mailing address stated in the bankruptcy petition, and which was the address for Debtor on the order for dismissal filed on May 21, 2018 as indicated on the order itself, which would have been one of the mailings to Debtor by the court.  The Motion does not identify which "mailings" were doing to an incorrect address.

///
///
///

3.  Because the Motion does not comply with the court's rules as discussed in this order, the Motion is denied without prejudice, meaning that Debtor may file an amended motion if she corrects the defects identified by this order.

IT IS SO ORDERED.

###

Date: June 6, 2018

_____
Robert Kwan
United States Bankruptcy Judge